UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY LYNN GENCYUZ,   Civil Action No.: 18-11397
                                   Honorable Bernard A. Friedman
      Plaintiff,   Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

      Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2]

On May 3, 2017, Plaintiff Tammy Lynn Gencyuz filed her complaint and an application to proceed *in forma pauperis.* [ECF No. 1, 2].[1] Her application to proceed *in forma pauperis* should be **DENIED** at this time, with instructions to properly complete the IFP application.

28 U.S.C. § 1915(a) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person

---

[1] The case has been referred to this Court to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). [ECF No. 3]. A report and recommendation is appropriate here because magistrate judges do not have authority to deny motions to proceed IFP. *Woods v. Dahlberg*, 894 F.2d 187, 187-88 (6th Cir. 1990).

who submits an affidavit that includes a statement of all assets." To determine whether to grant an IFP application, the court considers the applicant's employment status, annual salary, assets (including real estate and automobiles), and financial resources available from the claimant's spouse (if any). *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015). "An affidavit to proceed IFP is sufficient if it states that one cannot, because of poverty, afford to pay for costs of litigation and still provide the litigant and his or her family the necessities of life." *Id.* Courts have denied IFP applications where applicants have had assets and/or income that exceed the cost of filing the complaint. *Beres v. Comm'r of Soc. Sec. Admin.*, No. 1:14CV01448, 2014 WL 3924634, at *2 (N.D. Ohio Aug. 11, 2014) (listing cases).

Here, Gencyuz's application reflects that she has received income in the past 12 months from "rent payments, interest, or dividends." [ECF No. 2, PageID 4]. After affirmatively declaring this source of income, the IFP application asked Gencyuz to "describe … each source of money and state the amount that you received and what you expect to receive in the future." *Id.* Gencyuz, however, failed to provide this required description. Also, Gencyuz's application discloses that she owns a 2016 Chevrolet Malibu, but she again does not describe the approximate value of the automobile,

as the application instructs. [ECF No. 2, PageID 5]. Without this information, the Court is unable to determine whether she qualifies for IFP status.

The Court thus **RECOMMENDS** that Gencyuz's application be **DENIED** at this time, and that Gencyuz be instructed to submit a completed IFP application for the Court's consideration.

Dated: May 4, 2018　　　　　　　s/ Elizabeth A. Stafford
Detroit, Michigan　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2018.

                    s/Marlena Williams
                    MARLENA WILLIAMS
                    Case Manager